FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAR 13 2015 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

ENRIQUE RAMOS,

               Plaintiff,

  -against-

CITY OF NEW YORK; NYPD; Police Officer MAUREEN
ENGELS (Shield #4750); Police Officer JOHN DOE
(Officer Engels Partner),

               Defendants.

------------------------------------------------------------------ X

15-CV-1081 (ARR)(LB)

<u>NOT FOR PRINT OR
ELECTRONIC
PUBLICATION</u>

<u>OPINION & ORDER</u>

ROSS, United States District Judge:

On February 23, 2015, plaintiff Enrique Ramos, an inmate at Greene Correctional Facility, filed this <u>pro se</u> action pursuant to 42 U.S.C. § 1983. The court grants plaintiff's request to proceed <u>in forma pauperis</u>. The complaint is dismissed in part as set forth below.

## BACKGROUND

Plaintiff alleges that on June 20, 2012, defendant Police Officer Maureen Engels and her partner, defendant John Doe, used excessive force against him, which caused him to sustain multiple injuries, including a "broken nose, bruised eyes, . . . knocked out [teeth], bruised lips and face along with severe trauma causing [him] to blackout and lose consciousness at the scene." Compl. at 4. Following the altercation, plaintiff received medical treatment at Jamaica Hospital. <u>Id.</u> He seeks $3 million in damages.

1

While plaintiff also names as defendants the City of New York and the New York Police Department ("NYPD"), his complaint contains no allegations regarding either of those entities.

## STANDARD OF REVIEW

A court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). While the pleadings of pro se plaintiffs should be held "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## DISCUSSION

### A. The City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an official policy or custom and a direct causal connection between that policy or custom and the deprivation of the plaintiff's constitutional rights. Monell v. Dep't of Social Servs. of the City of New York,

436 U.S. 658, 692 (1978); see also Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"). A complaint that fails to plausibly allege the existence of such a policy or custom will be dismissed for failure to state a claim. See, e.g., Plair v. City of New York, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011).

Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions of the individual defendants are attributable to a policy or custom of the City of New York. "[I]solated acts of excessive force by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy or usage that would justify municipal liability." Jones v. Town of East Haven, 691 F.3d 72, 81 (2d Cir. 2012) (citing Villante v. Dep't of Corr., 786 F.2d 516, 519 (2d Cir. 1986)); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985); Hartnagel v. City of New York, No. 10-CV-5637, 2012 WL 1514769, at *4 (E.D.N.Y. Apr. 30, 2012). Because plaintiff has not adequately pleaded the existence of a policy or custom sufficient for liability under Monell, the complaint is dismissed as to the City of New York. 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

### B. The New York Police Department

Plaintiff also names as a defendant the NYPD. The NYPD, however, is not a suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y. City Charter § 396

(2009). That provision "has been construed to mean that New York City departments [and agencies, such as the NYPD], as distinct from the City itself, lack the capacity to be sued. Ximines v. George Wingate High Sch., 516 F.3d 156, 160 (2d Cir. 2008) (per curiam); see Thomas v. N.Y.P.D., No. 12-CV-6327, 2013 WL 431335, at *1 (E.D.N.Y. Feb. 4, 2013) (sua sponte dismissing claims against the NYPD). For this reason, the complaint is dismissed as to the NYPD. 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

### C. Police Office John Doe

Finally, plaintiff sues Police Officer John Doe, whom he describes as the partner of defendant Engels and an officer with the 103rd Police Precinct. Compl. at 3-4. On the basis of this information alone, however, the United States Marshals Service will not be able to serve this defendant. The problem encountered by plaintiff is a common one, as it is frequently difficult for a pro se litigant to identify individual law enforcement officers. For this reason, the Second Circuit has made clear that a pro se litigant is entitled to assistance from the district court in identifying a John Doe defendant. See Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997) (per curiam).

Accordingly, the court hereby requests that, within 45 days from the date of this order, Corporation Counsel for the City of New York ascertain the full name and badge number of the individual whom plaintiff has identified as Police Officer John Doe and provide the address where this defendant can currently be served. Corporation Counsel need not undertake to defend or indemnify this individual at this juncture. This order merely provides a means by which

plaintiff may name and properly serve the defendant. Once this information is provided, plaintiff's complaint shall be deemed amended to reflect the full name and badge number of this officer, an amended summons shall be issued, and the court shall direct service on this defendant.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed as to the City of New York and the NYPD for failure to state a claim. 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii).

The complaint as to Police Officer Maureen Engels and Police Officer John Doe shall proceed. The Clerk of Court shall issue a summons against defendant Engels, and the United States Marshals Service is directed to serve the summons, the complaint, and a copy of this order upon defendant Engels without prepayment of fees.[1] The Clerk of Court shall mail a courtesy copy of the same papers to Corporation Counsel for the City of New York, Special Federal Litigation Division.

The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/(ARR)

Allyne R. Ross
United States District Judge

Dated: March ⁪, 2015
Brooklyn, New York

---

[1] Police Officer John Doe shall be served once he is identified by Corporation Counsel as set forth above.

5